MILLER, Respondent, v. STEVENS, et al, Appellants.

(253 N. W. 449.)

(File No. 7589. Opinion filed March 6, 1934.)

*Bailey & Voorhees* and *M. T. Woods, Jr.,* all of Sioux Falls, for Appellants.

*Tom Kirby,* of Sioux Falls, for Respondent.

PER CURIAM. Plaintiff, suing defendants to recover damages for personal injury, prevailed in the circuit court. Defendants, within the statutory time, gave notice of intention to move for new trial, designating therein as the statutory grounds upon which the motion would be made all the causes specified in the seven subdivisions of section 2555, R. C. 1919. Section 2557, R. C. 1919, requires that the notice of intention shall also designate whether the motion for new trial "will be made upon affidavits, the minutes of the court, or a settled record." By the provisions of section 2556, R. C. 1919, motion for new trial for the causes specified in the first, second, third, and fourth subdivisions of section 2555 must be made upon affidavits. Motion for new trial for any other causes specified in section 2555 may be made at the option of the moving party either upon a settled record or upon the minutes of the court. The notice of intention served by defendants recited only that the contemplated motion for new trial would be made upon a settled record. Subsequently defendants moved the circuit court for leave to amend their notice of intention so as to designate that the intended motion for new trial would be made upon the settled record and upon affidavits, claiming that the omission of the words "and upon affidavits" from the notice of intention as originally served was by reason of mistake, inadvertence, and excusable neglect. The motion coming on for hearing pursuant to due notice, the circuit court by order of November 26, 1932, permitted amendment of the notice of intention accordingly. Thereafter motion for new trial was heard, both upon the settled record and upon affidavits, and denied, and from the judgment and denial of the new trial defendants have now appealed.

Plaintiff and respondent, maintaining that the order of November 26, 1932, permitting amendments of the notice of intention was erroneous and improper, argues that the circuit court was without jurisdiction to entertain so much of the motion for new trial as necessarily had to be based on affidavits pursuant to section 2556, R. C. 1919, and has now moved here pursuant to order to show cause that this court "strike from and refuse to consider appellants' Assignments of Error, Number 2, 3, 4, 5, 6, 7, 8, 9, 10 and 35, and all other matters and things in the abstract and brief of the appellants, which could only be presented to the trial court and this court, upon affidavits."

Assuming, without deciding, that a jurisdictional question appears, and that the validity of the circuit court's order of November 26, 1932, can be presented for determination by this means, we are of the opinion that the order was valid. The notice of intention recited, inter alia, that the motion for new trial would be made upon the grounds specified in the first, second, third, and fourth subdivisions of section 2555, R. C. 1919. By virtue of section 2556, motion based on such causes must be made upon affidavits and cannot be made otherwise. Under such circumstances, the statutory requirement of section 2557 with respect to motion upon those four grounds that the notice of intention must designate whether the motion will be made upon affidavits or otherwise seems very largely a formal matter. No one could be deceived or misled by its omission. The matter is so entirely formal and the possibility of any deception or prejudice so remote that in such case a very slight showing of cause is sufficient to justify the circuit court in permitting the amendment. We do not think that the court abused its discretion in so doing in this instance, and the motion of respondent is therefore denied.

All the Judges concur.